UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| KENNETH MORRIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | 11 C 934 |
| THOMAS DART, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on the motion of Defendants Thomas Dart, in his individual and official capacity, and Cook County, Illinois (collectively, "Defendants") to dismiss Plaintiff Kenneth Morris's ("Morris") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Defendants' motion is granted.

## BACKGROUND

For purposes of the motion to dismiss, we accept the allegations of the Complaint as true. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Since July 16, 2007, Morris has been incarcerated as a pre-trial detainee at the Cook County Jail. Around August of 2007, Morris began experiencing severe dental pain and, around August 9, 2007, Morris asked to see a dentist. Morris was unable to see a dentist until March of 2008.

On February 9, 2011, Morris filed a Complaint against the Defendants, asserting a claim for untreated dental pain under 42 U.S.C. § 1983. On April 12, 2011, Defendants filed a motion to dismiss, arguing that Morris's Complaint is time-barred.

## LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss, a court must accept the well-pleaded allegations in the complaint as true, construe the allegations of the complaint in the light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chi. Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999). This Court may take judicial notice of documents contained in the public record and may consider the judicially noticed documents without converting a motion to dismiss into a motion for summary judgment. *520 S. Mich. Ave. Assocs., Ltd. v. Shannon*, 549 F.3d 1119, 1138 n.14 (7th Cir. 2008).[1]

## DISCUSSION

Before filing a complaint on behalf of Morris, Morris's counsel filed three class action complaints in the Northern District of Illinois on behalf of pre-trial detainees who did not receive timely dental treatment. *See Smith v. Sheriff*, No. 07-cv-3659;

---

[1] Accordingly, this Court considers memorandum opinions issued in three other actions and attached to Morris's opposition to the motion to dismiss.

*Wrightsell v. Sheriff*, No. 08-cv-5451; *Smentek v. Sheriff*, No. 09-cv-529. Morris argues that the statute of limitations is tolled by the class action complaints filed in *Wrightsell* and *Smentek*. Defendants argue that the statute of limitations is tolled only by the class action complaint filed in *Smith*.

The statute of limitations for a Section 1983 claim is two years. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (applying Illinois law). A section 1983 claim accrues when the plaintiff knows or should have known that his or her constitutional rights were violated. *Licari v. City of Chi.*, 298 F.3d 664, 668 (7th Cir. 2002). However, the commencement of a class action suit tolls the statute of limitations for all purported class members. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983). The statute of limitations remains tolled until class certification is denied. *Crown*, 462 U.S. at 354. The statute of limitations may be further tolled by the filing of a subsequent class action if, and only if, class certification was previously denied solely because of the lead plaintiffs' deficiencies as class representatives and not because of a defect in the class itself. *Yang v. Odom*, 392 F.3d 97, 111 (3d Cir. 2004).[2]

Morris's Section 1983 claim accrued on the date he knew or should have know that his constitutional rights were violated. Although this Court believes Morris's claim

---

[2] This Court previously found the reasoning in *Yang* persuasive and both parties agree that *Yang* applies. *Searcy v. eFunds Corp.*, 2010 WL 1337684 (N.D. Ill. Mar. 31, 2010) (Kocoras, J.).

accrued at some point before he received treatment, for argument's sake, this Court assumes Morris's claim accrued at the latest possible date of March 31, 2008. Based on the two-year statute of limitations, Morris had until March 31, 2010, to file a Section 1983 claim. Without tolling, Morris's claim is untimely because he filed his Complaint on February 9, 2011.

Without question, Morris's statute of limitations was tolled by *Smith*. The key issue is whether the decision not to certify a class action in *Smith* prevented further tolling by subsequent class action lawsuits. In *Smith*, on May 6, 2008, the district court declined to certify a class of pre-trial detainees who requested treatment of dental pain and did not receive timely treatment. *Smith v. Sheriff*, No. 07-cv-3659, Dkt. No. 34. The *Smith* court denied plaintiffs' motion for class certification because typicality and commonality were not satisfied. *Id.* This ruling was based on a defect in the class itself, as the court identified numerous individual issues and noted that "[e]ach plaintiff's case would necessarily be different." *Id.* Because the decision in *Smith* was based on a defect in the class, itself, and not solely on the lead plaintiff's deficiencies as a class representative, the tolling period ended on May 6, 2008, the date the court denied class certification.[3] Since Morris's Section 1983 claim accrued while *Smith* was

---

[3] The *Smith* court later denied plaintiffs' motion to reconsider and the Seventh Circuit denied plaintiff's interlocutory petition for leave to appeal, but those dates are irrelevant. *See, e.g., Yang*, 392 F.3d at 102 (calculating the adverse certification date without regard to plaintiffs' motion for reconsideration or interlocutory petition).

pending, Morris's statute of limitations was tolled until, and began on, May 6, 2008. The statute of limitations on Morris's Section 1983 claim expired two years later on May 6, 2010. Accordingly, Morris's Complaint, filed on February 9, 2011, is untimely and dismissed.

## CONCLUSION

For the foregoing reasons, this Court grants Defendants' motion to dismiss.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated:  May 19, 2011